IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EMMA SERNA,

      Plaintiff,

v.                                                                No. 1:22-cv-00575-MV-LF

WILLIAM KELEHER,

      Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This case arises from a foreclosure action in state court. *See* Complaint at 3-4, Doc. 1, filed August 2, 2022. Defendant William Keleher was the Special Master in the foreclosure action and proceeded with the sale of the foreclosed property. In her original complaint, Plaintiff Emma Serna alleged, among other things, that Mr. Keleher's actions were improper because the state court judgment was erroneous. Ms. Serna asserted a due process claim, in addition to claims pursuant to state law against Mr. Keleher.

Judge Fashing notified Ms. Serna that the Complaint failed to state a due process claim against Mr. Keleher. *See* Order at 2-3 (quoting *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.")). Judge Fashing explained:

> The Complaint does not allege facts showing Defendant deprived Plaintiff an appropriate level of process. *See Denver Homeless Out Loud v. Denver, Colorado*, 32 F.4th 1259, 1276 (10th Cir. 2022) ("This court asks two questions when considering a procedural-due-process claim: (1) Did the plaintiff possess a protected property or liberty interest to which due process protections apply? And if so, (2) was the plaintiff afforded an appropriate level of process?").

Order at 4.  Judge Fashing ordered Ms. Serna to file an amended complaint.

**The Amended Complaint**

The Amended Complaint adds Ms. Serna's husband, Mike Serna, as a plaintiff.  *See* Doc. 8, filed September 1, 2022.  Mr. and Ms. Serna allege that Mr. Keleher unlawfully sold the property because the "trial court erred" in the state court foreclosure action.  Amended Complaint at 3.  The Amended Complaint asserts a due process claim pursuant to the 14th Amendment of the United States Constitution and state law claims pursuant to Sections 47-2-1 to 47-2-6 of the New Mexico Statute and for negligence, fraud, legal malpractice, and defamation.  Plaintiffs "request Relief from Special Master, Attorney William R. Keleher $1,000,500.00."  Doc. 11, filed September 6, 2022.

**Mr. Keleher's Motion to Dismiss Amended Complaint**

Mr. Keleher was appointed by the state court judge "to be Special Master and oversee the foreclosure and sale of the Olympic Property."  Motion to Dismiss at 7.  In his motion to dismiss, Mr. Keleher asserts, among other things,[1] that the "Amended Complaint fails to state a claim under 42 U.S.C. § 1983 because 'non-judicial officers may be afforded the same absolute immunity enjoyed by judges when a claim is based on duties performed in furtherance of the judicial process.'" Motion to Dismiss at 7 (quoting *Whitesel v. Sengeberger*, 222 F.3d 861, 867 (10th Cir. 2000).  This Court agrees.

"[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all

---

[1] Mr. Keleher states that "the underlying [foreclosure] action is still ongoing before the New Mexico Court of Appeals and, therefore, it would be untimely to rule on due process as any issues surrounding process would not be ripe for this Court, at least until a final ruling has been issued by the New Mexico Appellate Courts."  Motion to Dismiss at 8.

jurisdiction." *Sawyer v. Gorman*, 317 F. Appx. 725, 727-728 (10th Cir. 2008); *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority"). Further, "immunity which derives from judicial immunity may extend to persons other than a judge where performance of judicial acts or activity as an official aid of the judge is involved." *Whitesel,* 222 F.3d at 867 (quotation and brackets omitted). "Absolute judicial immunity has thus been extended to non-judicial officers, like clerks of court, where their duties had an integral relationship with the judicial process." *Id.* (quotation omitted).

The Court agrees that because Mr. Keleher's duties had an integral relationship with the judicial process, he is entitled to immunity. Indeed, the Amended Complaint indicates the Mr. Keleher's acts as Special Master were integral elements of the foreclosure action. *See* Amended Complaint at 3 (Special Master proceeded with sale of the foreclosed property and wrote out a special warranty deed for the foreclosed property). The Sernas allege that, as Special Master, Mr. Keleher acted "out of bad faith, willful misfeasance, gross negligence, or reckless disregard of his duties" and made "errors or mistakes," his acts were "abuse of discretion," and he "had no authority," Amended Complaint at 4-6. These allegations are insufficient to deprive Mr. Keleher of immunity, as the law is clear that "non-judicial officers whose duties have an integral relationship with the judicial process "will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump*, 435 U.S. at 356–57. The Sernas' Response thus fails to establish any basis for depriving Mr. Keleher of immunity and for this reason, the Court will dismiss the Sernas' federal due process claim.

Having dismissed the Sernas' only federal law claim, the Court declines to exercise jurisdiction over Plaintiffs' pendent state law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district

courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."); *Crane v. Utah Dep't of Corrections*, 15 F.4th 1296, 1314 (10th Cir. 2021) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims"). Because it has dismissed the Sernas' federal claim and declines to exercise supplemental jurisdiction over their state law claims, the Court dismisses this case in its entirety.

**Mr. Keleher's Motion to Strike Documents 18 and 20**

Mr. Keleher moves to strike Document 18, stating that it "is actually a surreply to Defendant's Motion to Amend Complaint," and Document 20, entitled "EXHIBITS," because Ms. Serna filed those documents without leave of Court as required by D.N.M.LR-Civ. 7.4(b). Doc. 21, filed October 25, 2022. Given the Court's dismissal of this action, Mr. Keleher's Motion to Strike Documents 18 and 20 is now moot.

**Ms. Serna's Motion for Leave of Court**

Ms. Serna moves "for leave to file a pro se initial pleading, as this is a new Complaint against William Keleher." Doc. 10, filed September 1, 2022. Judge Fashing, however, previously ordered Ms. Serna to file an amended complaint. *See* Doc. 6, filed August 19, 2022. Accordingly, Ms. Serna's motion for leave to file is moot.

**The Sernas' Motion for Partial Summary Judgment**

The Sernas move "to recover the 'Mike R. Serna Irrevocable Living Trust Property' at 10812 Olympic St., N.S., Albuquerque, NM" pursuant to "New Mexico's Chapter 46A, Uniform Trust Code 46A-4-11." Plaintiffs' Motion for Partial Summary Judgment for Recovery of Fraudulent Transfer of Property at 1, Doc. 24, filed November 15, 2022. The Sernas argue that

the transfer of the property was "fraudulent" because the foreclosure was "wrongful."  Motion for Partial Summary Judgment at 2-3.

Rule 56 of the Federal Rules of Civil Procedure requires that a "party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record."  Fed. R. Civ. P. 56(c)(1).  Plaintiffs have not cited to any materials in the record to support their Motion for Partial Summary Judgment.  Furthermore, Plaintiffs seek to recover the property pursuant to New Mexico state law, and as noted above, the Court declines to exercise supplemental jurisdiction of Plaintiffs' state law claims.  Accordingly, the Motion for Partial Summary Judgment will be denied.

**IT IS ORDERED** that:

(i)     Defendant's Motion to Dismiss Amended Complaint [Doc. 13] is **GRANTED**, as follows: the Sernas' federal due process claim is dismissed with prejudice; and the Sernas' state law claims are dismissed without prejudice.

(ii)    Defendant's Motion to Strike Documents 18 and 20 [Doc. 21] is **FOUND AS MOOT.**

(iii)   Plaintiff Emma Serna's Motion for Leave of Court [Doc. 10] is **FOUND AS MOOT.**

(iv)    Plaintiffs' Motion for Partial Summary Judgment for Recovery of Fraudulent Transfer of Property [Doc. 24] is **DENIED.**

_____

**MARTHA VÁZQUEZ**
**SENIOR UNITED STATES DISTRICT JUDGE**